NO. 07-06-0138-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 28, 2006


______________________________



LORI SUE HOLCOMB, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 33RD DISTRICT COURT OF BURNET COUNTY;



NO. 31515; HONORABLE D. MILLS, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant Lori Sue Holcomb appeals her conviction for the offense of burglary of a
building and punishment of two years confinement in a State Jail facility suspended for five
years. 

 The clerk's record has been filed, however, the reporter's record remains due in this
cause. An extension of the applicable deadline was sought by the court reporter. The
reporter, by letter dated April 24, 2006, represented to us that she has not been contacted
by anyone to prepare a reporter's record in this case and she will not be filing a reporter's
record. By letter dated June 13, this Court notified appellant's appointed attorney, Timothy
W. Inman, of the defect and requested proof of compliance with Rules 34.6(b)(1) and
35.3(b)(2)-(3) of the Texas Rules of Appellate Procedure.

 Further, appellant's brief was due to be filed on August 4, 2006, but has yet to be
filed. Appellant's attorney of record, Inman, was notified by letter dated August 11 that,
unless a brief or motion was received by August 21, this court would abate the appeal to
the trial court. A belated motion for extension of time to file appellant's brief was filed on
August 24, 2006 by Inman stating that it was his belief that appellant had been appointed
a different attorney by the 33rd Judicial District Court.

 Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3). Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following: 


 whether appellant desires to prosecute the appeal;
 whether the trial court appointed counsel for appellant other than Inman, and
whether that attorney has abandoned the appeal; and
 whether appellant has been denied effective assistance of counsel given the
attorneys' failure to file a brief.



 The trial court shall cause a hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Thursday, September 28,
2006.

 It is so ordered.

 

 Per Curiam



Do not publish. 





 



="true" Name="heading 9"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.
07-11-0007-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 

JANUARY 31, 2011

 

__________________________

 

In
re JACQUELINE NICOLE MILLER, 

 

                                                                             Relator

__________________________

 

Memorandum Opinion on Original Proceeding for Writ
of Mandamus

__________________________

 

 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ.

            Jacqueline Nicole Miller requests a
writ of mandamus from us directing the Honorable Ruben Reyes, 72nd District
Court, Lubbock, Texas (trial court) to vacate its order denying [her] Motion
to Compel and Supplemental Motion to Compel. 
Through the motion to compel, Miller sought the discovery of mental
health records developed by Dr. Karen Taylor and pertaining to Lauren Claire Culwell.  The latter
sued Miller to recover damages arising from an automobile accident.  The trial court denied the motion.

            Per the authority cited to us by
Miller, her entitlement to mandamus relief is dependent upon illustrating,
among other things, that she has no adequate remedy by appeal.  And, her argument goes, no adequate remedy
by appeal [exists] to challenge a discovery dispute when the partys ability to
present a viable defense at trial will be impaired by the trial courts error.  In re Allied Chem. Corp., 227 S.W.3d 652, 658 (Tex. 2007)
(noting mandamus is appropriate when a discovery order severely compromises a
partys ability to present any case at all at trial).  That element purportedy exists here since
being unable to obtain the mental health records from Dr. Taylor would
prevent  Miller from establishing that
Culwell suffered from a particular mental condition prior to the car
accident.  Allegedly, the existence of a
mental condition, such as depression, could be a triggering agent for
fibromyalgia, a physical ailment for which Culwell seeks damages as a result of
the collision.  Furthermore, Miller hopes
to prove that Culwell experienced depression or other mental conditions for
reasons unrelated to the accident. 
Omitted from the argument, however, is any contention that the same
information cannot be obtained from Culwell herself.  Nor have we been cited to evidence of record
illustrating that Culwell has not or will not discuss whether she suffered from
1) depression or 2) any other mental condition of the ilk sufficient to be the
needed triggering agent.  Given this, we
cannot say that Miller carried her burden to prove that her ability to
establish the desired defense would be severely compromised unless Culwells
doctor is forced to release her patient records.  

            The petition is denied.

                                                                        Per
Curiam